IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SERGIO MATA AGUILAR,**

    Petitioner,

v.   No. 12-cv-1253 WJ/SMV

**RAY TERRY,**

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Sergio Mata Aguilar's *Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus* [Doc. 1] ("Petition"), Respondent's *Motion to Dismiss for Lack of Ripeness* . . . [Doc. 13] ("Motion"), Petitioner's *Reply* . . . [Doc. 14] ("Reply"), and Respondent's *Case Status Report* [Doc. 21] ("CSR"), filed on June 17, 2013.[1] Petitioner, a native of Mexico, asserts that he has been detained by the Immigration and Customs Enforcement ("ICE"), a division of the Department of Homeland Security ("DHS"), since May of 2011, and that his continued detention without bond is contrary to the Supreme Court's ruling in *Demore v. Kim*, 538 U.S. 510 (2003). [Doc. 1] at 3–4. Respondent contends that the Petition is not ripe for adjudication since Petitioner is not subject to a final order of removal. [Doc. 13] at 2–4. The Court rejects Respondent's argument that the Petition is not ripe. Under *Demore*, federal courts have jurisdiction to review the reasonableness of alien detention without bond under 8 U.S.C. § 1226(c). The Court recommends, therefore, that Respondent's Motion be **DENIED**. However, having reviewed the Petition on its merits, the Court finds that Petitioner's

---

[1] The case was referred to me on December 4, 2012, by the Honorable William P. Johnson, United States District Judge, for recommendation of an ultimate disposition. Order of Reference . . . [Doc. 3].

detention has not been unreasonably delayed.  The Court will recommend, therefore, that the Petition be **DISMISSED WITHOUT PREJUDICE**.

**I.     Factual and procedural Background**

Petitioner is a citizen of Mexico. [Doc. 1] at 11, 14.  His immigration status was adjusted on May 4, 1992, to Lawful Permanent Resident ("LPR").  *Id*. at 14.  On February 21, 1997, he was convicted in Bernalillo County (New Mexico) Metropolitan Court of Battery - Domestic Violation, in violation of NMSA 1978, § 30-3-4.  *Id*.  On September 8, 2006, he was convicted in the Second Judicial District (New Mexico) Court of Battery Upon a Police Officer, an aggravated felony, in violation of NMSA 1978, § 30-22-24 and was sentenced to 18 months' incarceration.  *Id*.  Those convictions made him subject to removal from the United States pursuant to 8 U.S.C. §§ 1227(a)(2)(E)(i) (alien convicted of crime of domestic violence), and 1227(a)(2)(A)(iii) (alien convicted of aggravated felony).  *Id*.  Aliens who have committed such offenses are subject to arrest and mandatory detention,[2] except in very limited circumstances.

---

[2] 8 U.S.C. § 1226(c) states in pertinent part:

> (c) Detention of criminal aliens
> (1) Custody.
> The Attorney General shall take into custody any alien who--
>
> \*      \*      \*
>
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, . . .
>
> \*      \*      \*
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c).  Thus, on May 19, 2011, DHS ordered Petitioner to be held without bond. *Id*. at 15.

On June 27, 2011, Petitioner claimed that his son would be filing an I-130 Petition on his behalf.  [Doc. 21] at 2.  An I-130 petition is used to establish a family relationship between a United States citizen and a relative seeking LPR status.  Petitioner's removal proceedings were placed on hold as a result of that notification. *See id.* ("6/27/11 . . . reset case for proof that an I-130 petition has been filed.").  In fact, the I-130 petition was not filed until September 19, 2011. *Id*. at 3.  Petitioner's removal proceedings were continued several times "so Albuquerque United States Citizenship and Immigration Service ("USCIS") could adjudicate the I-130 petition." *Id*.  Petitioner and his son underwent DNA testing as part of that process, which took up a great deal of time. *See id*. at 3–4.  According to the chronology provided by Respondent, the Immigration Judge ("IJ") was ready to set Petitioner's case for hearing on numerous occasions but held off on doing so because of the pending I-130 petition. *See id*.  On February 5, 2013, the IJ:

> found that Petitioner is removable as charged because he was convicted of an "aggravated felony;" however, the Court also noted that USCIS has not denied Petitioner's I-130 petition.  The Court found that a continuance was necessary for due process considerations in case Petitioner had provided additional proof that permits USCIS to adjust Petitioner's status.  Reset until 3/13/13 for a response by USCIS on any additional proof in support of Petitioner's I-130 petition.

*Id*. at 4.  On March 1, 2013, USCIS denied Petitioner's I-130 Petition.  *Id*.

On March 13, 2013, Petitioner asked the IJ to review USCIS' rejection of his I-130 petition.  *Id*.  The IJ asked Petitioner if he wanted a continuance of his removal proceedings in

3

order to pursue an appeal of the I-130 determination, and Petitioner responded, "Yes, your Honor. I am asking for an extension. I am asking for a continuance . . . so I can present new evidence." *Id*. at 4–5. The United States opposed the request for a continuance. *Id*. at 5. The IJ denied the request for a continuance and proceeded to find that Petitioner was removable. *Id*. However, on March 19, 2013, the IJ re-opened Petitioner's case sua sponte, suspended its ruling of March 13, 2013, and asked DHS to supplement the record with a factual basis for Petitioner's prior convictions. *Id*. On March 25, 2013, the IJ found that DHS had provided sufficient evidence to support a finding that Petitioner was removable as an aggravated felon under 8 U.S.C § 1237(a)(2)(a)(iii) and for domestic violence under 8 U.S.C. § 1237(a)(2)(E)(i). *Id*. The IJ issued his written decision declaring Petitioner removable on April 2, 2013. *Id*. Petitioner immediately appealed the IJ's decision to the Bureau of Immigration Appeals ("BIA"). *Id*. at 5−6. That appeal is still pending. *Id*. at 6. Thus, Petitioner's order of removal is not yet final. *See* 8 C.F.R. § 1241.1(a).

## II.     Analysis

The Supreme Court last addressed the constitutionality of mandatory detentions under § 1226(c) in *Demore*, 538 U.S. 510. In that case, a detainee argued that mandatory detention under § 1226(c) violated his Fifth Amendment Due Process rights and that courts should instead conduct individualized bond hearings. *Id.* at 514. The Court rejected that argument, noting that detention "necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Id.* at 528. Therefore, the Court allowed for the mandatory

4

detention of individuals "during the limited period necessary for their removal proceedings[.]" *Id.* at 526.

The Court's holding was partially based on statistical data regarding deportation proceedings. The Court noted that detention under § 1226(c) "lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal." *Id.* at 530. The Court then contrasted the typical length of detention under § 1226(c) against the "indefinite" and "potentially permanent" detention found in *Zadvydas v. Davis*, 533 U.S. 678, 690–91 (2001) (holding that detention for more than six months after issuance of a final order of removal is presumptively unconstitutional). *Id.* at 528. The Court ultimately concluded that the "brief period" typically associated with detentions under § 1226(c) did not violate Due Process. *Id.* at 513.

Justice Kennedy, however, in his concurrence, noted that aliens detained pursuant to §1226(c) may be entitled to individualized bond hearings if the detention becomes "unreasonable or unjustified." *Id.* at 532. He noted that "[w]ere there to be an unreasonable delay by the INS in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons." *Id.*

The Tenth Circuit has yet to determine whether a § 1226(c) detention may be subject to constitutional challenge based on the length or reasonableness of the detention. However, several federal Circuit Courts of Appeals and District Courts have construed the majority opinion and Justice Kennedy's concurrence in *Demore* to hold that prolonged § 1226(c) detentions may

5

be unreasonable in certain cases.  *See, e.g.*, *Ly v. Hanson*, 351 F.3d 263, 273 (6th Cir. 2003); *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005); *Alli v. Decker*, 644 F. Supp. 2d 535 (M.D. Pa. 2009); *Madrane v. Hogan*, 520 F. Supp. 2d 654 (M.D. Pa.  2007).

     Federal courts that have found restrictions on § 1226(c) detentions typically employ a multi-factor test to help determine whether any given detention is in fact unreasonable. These factors encompass 1) the overall length of detention, 2) whether the detention is for a longer period than the criminal sentence for the underlying conviction, 3) whether a final order of deportation is reasonably foreseeable, 4) whether the government acted promptly to secure a final order of deportation, and 5) whether the petitioner's actions delayed the resolution of his case. *See, e.g.*, *Ly,* 351 F.3d at 271–72; *Alli,* 644 F. Supp. at 541–42 (applying a similar test). In applying these factors to Mr. Mata Aguilar's case, the Court concludes that his detention has not been unreasonably delayed.

     The first factor—the overall length of the civil detention—does appear to weigh against the government.  Petitioner has been detained by ICE since May of 2011.  Petitioner's detention has far exceeded the five month time period identified by the Supreme Court in *Demore* as the outside limit for most § 1226(c) detentions.  538 U.S. at 530.  The second factor—whether the detention is for a longer period than the sentence for the underlying criminal conviction— similarly weighs against the government. Petitioner's underlying conviction for battery on a police officer resulted in a sentence of 18 months.  [Doc. 1] at 14.  Petitioner's twenty-five month detention far exceeds the jail term imposed upon him.  Nevertheless, the Court finds that the final three factors overwhelmingly weigh in Respondent's favor.  With regard to the third

6

factor—whether a final order of deportation is reasonably foreseeable—the Court notes that the IJ has already issued an order fining Petitioner to be removable. [Doc. 21] at 5. There can be little doubt that the issuance of a final order of deportation is reasonably foreseeable once Petitioner's appeal has been resolved.

The fourth and fifth factors, namely the conduct of both the government and Petitioner in prompting the delay, similarly weigh in favor of the government. There is no allegation that the government has been dilatory or has otherwise acted in bad faith. It appears that the government was attempting to move the case along in an expeditious manner. The bulk of the delays in this case were due to Petitioner's request for continuances to pursue his I-130 petition. Petitioner sought continuance after continuance to pursue his I-130 petition. Indeed, of the 763 days that have elapsed since Petitioner was detained, at least 614 (from June 27, 2011 to March 1, 2013) are attributable to the delay caused by the I-130 petition. *See id.* at 3–4. Moreover, an additional 78 days (from April 2, 2013 to June 19, 2013) are attributable to Petitioner's appeal to the BIA. *See id.* at 5–6. Thus, of the 763 days during which Petitioner has been detained, only 71 are not attributable to his own conduct.[3] When delays are not attributable to the government, prolonged detention does not necessarily violate due process. *Ovchinnikov v. Clark*, 543 F. Supp. 2d 1265, 1266 (W.D. Wash 2008) ("Continuances granted solely for petitioner's benefit" should not count against the government in a challenge to the petitioner's detention); *see also Prince v. Mukasey*, 593 F. Supp. 2d 727 (M.D. Pa 2008):

---

[3] The Court does not mean to suggest that Petitioner is guilty of employing dilatory tactics. *See. e.g.*, *Ly*, 351 F.3d at 272. The Court agrees with Respondent's comment that "Petitioner is fighting his removal with more vigor than most defendants . . . ." [Doc. 21] at 6.

> While this Court would not, in any way, even infer that petitioners should not file appropriate documents challenging their detention or the reasons for detention, petitioners . . . must know that their own conduct has to be included in determining whether or not a "reasonable time" was exercised by the authorities in determining the proper response to any assertions made by either Petitioner or the Government.

*Id.* at 735–36; *Adler v. Dep't of Homeland Sec.*, No. 09 Civ. 4093(SAS), 2009 WL 3029328, at *2 (S.D.N.Y. Sept. 22, 2009) (unpublished) ("Although it is [petitioner's] right to seek relief from deportation, the delays caused by his motions should not be attributed to the government.")  Because the bulk of the delays in this case are due to Petitioner's pursuit, first, of his I-130 petition, and second, of his appeal to the BIA, this Court finds that Petitioner's detention has not been unreasonable.  The Court recommends, therefore, that the petition be **DISMISSED WITHOUT PREJUDICE.**

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**