IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SERGIO MATA AGUILAR,

    Petitioner,

v.   No. 12-cv-1253 WJ/SMV

RAY TERRY,

    Respondent.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DOSPOSITION

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 22] ("PF&RD"), issued on June 19, 2013. The Magistrate Judge recommended that the Petition be denied because Petitioner's immigration detention has not been unreasonably delayed. *Id.* Petitioner filed Written Objections [Doc. 25] on July 5, 2013. On de novo review, the Court, being fully advised in the premises, find that the objections are without merit and will be overruled. Accordingly, the PF&RD will be adopted, the Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus [Doc. 1] ("Petition") will be denied, and this case will be dismissed without prejudice.

### FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a citizen of Mexico. [Doc. 1] at 11, 14. His immigration status was adjusted on May 4, 1992, to Lawful Permanent Resident ("LPR"). *Id.* at 14. On February 21, 1997, he was convicted in Bernalillo County (New Mexico) Metropolitan Court of Battery - Domestic Violation, in violation of NMSA 1978, § 30-3-4. *Id.* On September 8, 2006, he was convicted in the Second Judicial District (New Mexico) Court of Battery Upon a Police Officer, an

aggravated felony, in violation of NMSA 1978, § 30-22-24 and was sentenced to 18 months' incarceration. *Id.* On May 19, 2011, the Department of Homeland Security ("DHS") found that those convictions made him subject to removal from the United States pursuant to 8 U.S.C. §§ 1227(a)(2)(E)(i) (alien convicted of crime of domestic violence), and 1227(a)(2)(A)(iii) (alien convicted of aggravated felony). *Id.* Aliens who have committed such offenses are subject to arrest and mandatory detention,[1] except in very limited circumstances. 8 U.S.C. § 1226(c). Thus, on May 19, 2011, DHS ordered Petitioner to be held without bond. [Doc. 1] at 15.

On June 27, 2011, Petitioner claimed that his son would be filing an I-130 Petition on his behalf. [Doc. 21] at 2. An I-130 petition is used to establish a family relationship between a United States citizen and a relative seeking LPR status. Petitioner's removal proceedings were placed on hold as a result of that notification. *See id.* ("6/27/11 . . . reset case for proof that an I-130 petition has been filed."). In fact, the I-130 petition was not filed until September 19, 2011. *Id*. at 3. Petitioner's removal proceedings were continued several times "so Albuquerque

---

[1] 8 U.S.C. § 1226(c) states in pertinent part:

> (c) Detention of criminal aliens
> (1) Custody.
> The Attorney General shall take into custody any alien who--
>
> \*       \*       \*
>
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, . . .
>
> \*       \*       \*
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

United States Citizenship and Immigration Service ("USCIS") could adjudicate the I-130 petition." *Id*. Petitioner and his son underwent DNA testing as part of that process, which took up a great deal of time. *See id*. at 3–4. According to the chronology provided by Respondent, the Immigration Judge ("IJ") was ready to set Petitioner's case for hearing on numerous occasions but held off on doing so because of the pending I-130 petition. *See id*.

While the I-130 petition was pending, Petitioner filed suit in this Court. [Doc. 1]. Petitioner is a native of Mexico and asserts that he has been detained by the Immigration and Customs Enforcement ("ICE"), a division of DHS, since May of 2011, and that his continued detention without bond is contrary to the Supreme Court's ruling in *Demore v. Kim*, 538 U.S. 510 (2003). [Doc. 1] at 3–4.

On February 5, 2013, the IJ made another ruling in Petitioner's underlying immigration case. The IJ:

> found that Petitioner is removable as charged because he was convicted of an "aggravated felony;" however, the Court also noted that USCIS has not denied Petitioner's I-130 petition. The Court found that a continuance was necessary for due process considerations in case Petitioner had provided additional proof that permits USCIS to adjust Petitioner's status. Reset until 3/13/13 for a response by USCIS on any additional proof in support of Petitioner's I-130 petition.

*Id*. at 4. On March 1, 2013, USCIS denied Petitioner's I-130 Petition. *Id*.

On March 13, 2013, Petitioner asked the IJ to review USCIS' rejection of his I-130 petition. *Id*. The IJ asked Petitioner if he wanted a continuance of his removal proceedings in order to pursue an appeal of the I-130 determination, and Petitioner responded, "Yes, your Honor. I am asking for an extension. I am asking for a continuance . . . so I can present new

3

evidence." *Id*. at 4–5.  The United States opposed the request for a continuance. *Id*. at 5.  The IJ denied the request for a continuance and proceeded to find that Petitioner was removable. *Id*. However, on March 19, 2013, the IJ re-opened Petitioner's case sua sponte, suspended its ruling of March 13, 2013, and asked DHS to supplement the record with a factual basis for Petitioner's prior convictions.  *Id*.  On March 25, 2013, the IJ found that DHS had provided sufficient evidence to support a finding that Petitioner was removable as an aggravated felon under 8 U.S.C § 1237(a)(2)(a)(iii), but not for domestic violence under 8 U.S.C. § 1237(a)(2)(E)(i). [Doc. 25-2] at 27–31 (findings on battery charge); *id.* at 31–33 (findings on domestic violence charge); *contra* [Doc. 21] at 5 (incorrectly stating that the IJ found sufficient evidence to determine Petitioner removable for domestic violence).  The IJ issued her written decision declaring Petitioner removable on April 2, 2013.  *Id*.  Petitioner immediately appealed the IJ's decision to the Bureau of Immigration Appeals ("BIA").  *Id*. at 5−6.  Apparently, that appeal is still pending. *Id*. at 6.

On reference by the Court, [Doc. 3], the Honorable Stephan M. Vidmar, United States Magistrate Judge, issued his PF&RD, [Doc. 22].  He found that Petitioner's order of removal was not yet final. [Doc. 22] at 4 (citing 8 C.F.R. § 1241.1(a)).  Nevertheless, he rejected Respondent's contention, [Doc. 13] at 2–4, that the Petition was not ripe for adjudication because, under *Demore*, federal courts have jurisdiction to review the reasonableness of alien detention without bond under 8 U.S.C. § 1226(c).  [Doc. 22] at 1.

Judge Vidmar applied certain factors to Petitioner's case to determine the reasonableness of his detention:  1) the overall length of detention, 2) whether the detention is for a longer period than the criminal sentence for the underlying conviction, 3) whether a final order of deportation is reasonably foreseeable, 4) whether the government acted promptly to secure a

4

final order of deportation, and 5) whether the petitioner's actions delayed the resolution of his case. [Doc. 22] at 6 (citing *Ly v. Hanson*, 351 F.3d 263, 271–2 (6th Cir. 2003); *Alli v. Decker*, 644 F. Supp. 2d 535 (M.D. Pa. 2009)). Judge Vidmar found that the first two factors weighed in favor of Petitioner because his twenty-five month detention far exceeded both the five-month period identified in *Demore* and the 18-month sentence for the underlying conviction for battery upon a peace officer. [Doc. 22] at 6. However, he found that the other factors weighed against Petitioner. [Doc. 22] at 6–7. Specifically, he found that a final order of deportation was reasonably foreseeable because the IJ had already issued an order finding Petitioner to be removable. *Id.* (citing [Doc. 21] at 5). He further found that there had been no allegation of dilatory actions by the Government and that the bulk of delays have been due to Petitioner's request for continuances to pursue his I-130 petition. *Id.* at 7. Ultimately, Judge Vidmar found that Petitioner's detention had not been unreasonably delayed, and he recommended that the Petition be dismissed without prejudice. [Doc. 22] at 8.

## STANDARD OF REVIEW FOR OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATIONS

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C. § 636(b)(1). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## ANALYSIS

Objection 1

     Petitioner objections to the PF&RD because he says that he is not fluent in English. [Doc. 25] at 1–2.  However, he fails to explain how his language skills bear on Judge Vidmar's findings.  Therefore, the objection is OVERRULED.

Objection 2

     Petitioner asserts an "entrapment by estoppel" defense.  *Id.* at 2.  He argues that the IJ and DHS "officially misled [him] into believing that he was eligible" for a waiver of his criminal convictions.  *Id.* at 2, 5–6, 7.  However, Petitioner never made this argument before Judge Vidmar, and therefore, it is waived.  *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).  Even if the argument were not waived, it would still be unavailing because Petitioner does not explain how it relates to his Petition, which argues only that his continued detention without bond is contrary to *Demore*.  The objection is OVERRULED.

Objection 3

     Petitioner objects to Judge Vidmar's finding that Petitioner's 1997 domestic violence conviction made him subject to removal from the United States pursuant to 8 U.S.C. § 1227(a)(2)(E)(i).  [Doc. 25] at 2–3.  Petitioner explains that IJ Gonzalez actually found that the lack of any documentary evidence to establish the domestic violence conviction did *not* trigger the application of § 1227(a)(2)(E)(i).  *See* [Doc. 22] at 4 (Judge Vidmar's finding, citing to and relying on Respondent's representation at [Doc. 21] at 5); [Doc. 25] at 2–3 (Petitioner's objection); [Doc. 25-2] at 31–33 (Judge Gonzalez's findings).  Petitioner is correct, and the

objection is SUSTAINED.  However, the error is harmless because IJ Gonzalez still found Petitioner removable under § 1237(a)(2)(a)(iii) as a result of his battery conviction.

Objection 4

Petitioner further objects on the grounds that § 1226(c) does not apply to him because he was not taken into INS' custody "immediately upon release from state custody, but instead until [sic] May 20, 2011." [Doc. 25] at 3.  This argument is quite curious because the sole argument in the Petition relies on *Demore*, and of course, *Demore* interprets § 1226(c).  *See* [Doc. 1]. Nevertheless, Petitioner never argued to Judge Vidmar that § 1226(c) did not apply to Petitioner, and therefore, the argument is waived.  *See Garfinkle*, 261 F.3d at 1031.  The objection is OVERRULED.

Objection 5

Petitioner argues that his 2006 conviction for Battery Upon a Police Officer should not qualify as an aggravated felony, thus, triggering § 1227(a)(2)(A)(iii).  [Doc. 25] at 3, 7. Petitioner never made this argument before Judge Vidmar, and therefore, it is waived.  *See Garfinkle*, 261 F.3d at 1031.  Even if it were not waived, however, the Court would be without jurisdiction to review the issue because Petitioner has no final order of removal.  *See Soberanes v. Comfort*, 388 F.3d 1305, 1308 (10th Cir. 2004) ("challenges to the unappealed deportation order are not properly before us: if never brought before the BIA, they are unreviewable for failure to exhaust administrative remedies . . . .").  Therefore, this objection is OVERRULED.

Objection 6

Petitioner objects to the use of police reports to determine the immigration consequences of Petitioner's past criminal convictions. [Doc. 25] at 4–5. This matter was not argued to Judge Vidmar and, therefore, is waived. *See Garfinkle*, 261 F.3d at 1031. Moreover, Judge Vidmar's pertinent findings do not rely on any police reports. *See* [Doc. 22]. Thus, this objection is OVERRULED.

Objection 7

Petitioner objects to a determination in case number 13-cv-0389 JB/LAM that that case was an impermissible second or successive petition. [Doc. 25] at 5. This objection is not relevant to the instant case and is OVERRULED.

Objection 8

Petitioner argues that the delays in his detention should not be attributed to him "because he did not filed [sic] any motions for continuances, but only one, the last one, that was denied." [Doc. 25] at 5. The objection is without merit because the filing of motions for continuances is not required to attribute delay to Petitioner. Judge Vidmar found that the bulk of the delays were attributable to Petitioner as a result of his I-130 petition and his appeal to the BIA. [Doc. 22] at 8. Petitioner does not argue otherwise. The objection is OVERRULED.

Objection 9

Petitioner indicates that he is "troubled by" Judge Vidmar's rejection of the Respondent's argument that the case was not yet ripe while simultaneously making findings on the merits. [Doc. 25] at 7–8. This objection—to the extent that it is an objection—reflects Petitioner's

misunderstanding.  The "merits" of the instant case concern the reasonableness of Petitioner's detention under *Demore* and nothing further.  Therefore, it makes perfect sense that Judge Vidmar would reject Respondent's ripeness argument and then proceed to make findings on the reasonableness of the detention.  The objection is OVERRULED.

Objection 10

Petitioner impliedly argues that Judge Vidmar should have allowed him time to reply to the Case Status Report [Doc. 21], filed on June 17, 2013, by Respondent. [Doc. 25] at 8.  Other than his objections, however, Petitioner does not explain what he was prevented from presenting in reply or how it would have affected Judge Vidmar's recommendations.  Because Petitioner was not prejudiced by the lack of a reply, the objection is OVERRULED.

**IT IS THERFORE ORDERED, ADJUDGED, AND DECREED** that Written Objections [Doc. 25] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 22] are **ADOPTED**.

**IT IS FINALLY ORDERED** that the Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus [Doc. 1] is **DENIED**, and this case is **DISMISSED.**

                                                         **UNITED STATES DISTRICT JUDGE**